1 TALIA L. DELANOY (239973)
   Talia.Delanoy@LeClairRyan.com
2 LeClairRyan, LLP
   400 Capitol Mall, Suite 1500
3 Sacramento, CA  95814
   Telephone: (916) 246-1140
4 Facsimile: (916) 246-1155

5 Attorneys for Defendants
   HENKELS & MCCOY, INC., a Pennsylvania
6 Corporation and HENKELS & MCCOY GROUP,
   INC., a Pennsylvania Corporation
7

8                  UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | MIKE ROSS, an individual, | **Case No.:** _____ |
|---|---|---|
| 12 | Plaintiffs, | **_Superior Court Case No.: BC697557_** |
| 13 | vs. | **DECLARATION OF TALIA L.** |
| 14 | HENKELS & MCCOY, INC., a corporation; HENKELS & MCCOY GROUP, INC., and | **DELANOY IN SUPPORT OF DEFENDANTS NOTICE OF REMOVAL TO FEDERAL COURT** |
| 15 | DOES 1 through 5, inclusive, | |
| 16 | Defendants. | |
| 17 | | |

18          I, Talia L. Delanoy, declare:

19          1.     I am an attorney duly licensed to practice in all of the courts of the State of

20 California and am a partner at the law firm LeClairRyan, LLP, attorneys of record for Defendant

21 HENKELS & MCCOY, INC. a Pennsylvania corporation and HENKELS & MCCOY GROUP,

22 INC. (hereinafter "Defendants"). The facts set forth herein are of my own personal knowledge

23 and if sworn I could and would testify competently thereto.

24          2.     A true and correct copy of Plaintiff's Summons and Complaint, entitled _MIKE_

25 _ROSS, Plaintiff, vs. HENKELS & MCCOY, INC. a corporation; HENKELS & MCCOY GROUP,_

26 _INC. and DOES 1 THROUGH 5, inclusive, Defendants_, filed in Los Angeles County Superior

27 Court, Case No. BC697557 is attached hereto as Exhibit A.

28

1

19567757.1

3.      A true and correct copy of CSC's "Service of Process Transmittal 03/23/2018 CCS Transmittal Number 17940112" showing receipt of Summons and Complaint accepted on March 23, 2018 is attached hereto as Exhibit B.

4.      To Defendant's knowledge, there are no other Defendants that have been named or served in this action, thus there are no other Defendants to join in this Notice of Removal.

5.      Defendant will promptly give Plaintiff written notice of filing of this Notice of Removal and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court for the County of Sacramento, where the action is currently pending, as required by 28 U.S.C. §1446(d).

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on April 23, 2018, at Sacramento, California.


                                        /s/ Talia L. Delanoy
                                        Talia L. Delanoy

---

2

DECL. OF TALIA L. DELANOY ISO DEF.'S NOTICE OF REMOVAL OF CIVIL ACTION TO U.S.D.C.

19567757.1

# EXHIBIT A

**COPY**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Law Offices of Corbett H. Williams
Corbett H. Williams (SBN 246458)
24422 Avenida de la Carlota, Suite 370
Laguna Hills, California 92653
TELEPHONE NO.: 949-679-9909    FAX NO.: 949-535-1031
ATTORNEY FOR (Name): Plaintiff Mike Ross

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

FOR COURT USE ONLY

**CONFORMED COPY**
**ORIGINAL FILED**
Superior Court Of California
County Of Los Angeles

MAR 09 2018

Sherri R. Carter, Executive Officer/Clerk

By: Marlon Gomez, Deputy

CASE NAME:
Ross v. Henkels & McCoy, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC697557 |
|---|---|---|
| [✔] Unlimited    [ ] Limited (Amount demanded exceeds $25,000)    (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✔] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [✔] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✔] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [✔] punitive
4. Number of causes of action (specify): Two
5. This case [ ] is [✔] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 9, 2018
Corbett H. Williams
_____
(TYPE OR PRINT NAME)                    ▶ _____
                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

**COPY**

SUM-100

# SUMMONS
## (CITACION JUDICIAL) BY FAX

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>HENKELS & MCCOY, INC. a corporation; HENKELS & MCCOY<br>GROUP, INC. and DOES 1 through 5, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>MIKE ROSS, an individual | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)*<br><br>CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court Of California<br>County Of Los Angeles<br><br>MAR 09 2018<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By: Marlon Gomez, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles County Superior Court<br><br>111 North Hill Street<br>Los Angeles, California 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br><br>BC697557 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Law Offices of Corbett H. Williams, 24422 Avenida de la Carlota, Ste. 370, Laguna Hills, CA, 949-679-9909

| | | |
|---|---|---|
| DATE: **MAR 09 2018**<br>*(Fecha)* | SHERRI R. CARTER, Clerk, by<br>*(Secretario)* Marlon Gomez | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* HENKELS & MCCOY, INC. / HENKELS & MCCOY G

under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**BY FAX**

Law Offices of Corbett H. Williams

1  Corbett H. Williams (Bar No. 246458)
   cwilliams@chwilliamslaw.com
2  **Law Offices of Corbett H. Williams**
   24422 Avenida de la Carlota, Suite 370
3  Laguna Hills, California 92653
   Telephone:    949.679.9909
4  Facsimile:    949.535.1031

5  Attorney for Plaintiff
   Mike Ross

6

7

8

9

10

11

**COPY**

CONFORMED COPY
ORIGINAL FILED
Superior Court Of California
County Of Los Angeles

MAR 0 9 2018

Sherri R. Carter, Executive Officer/Clerk

By: Marlon Gomez, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES BC 697557

| | |
|---|---|
| MIKE ROSS, an individual, | ) Case No.: |
| Plaintiff, | ) Assigned for all purposes to: |
| v. | ) |
| HENKELS & MCCOY, INC. a corporation; HENKELS & MCCOY GROUP, INC. and DOES 1 through 5, inclusive, | ) **COMPLAINT FOR:** |
| | ) 1. **WHISTLEBLOWER RETALIATION IN VIOLATION OF CALIFORNIA LABOR CODE SECTION 1102.5; AND** |
| Defendants. | ) 2. **TERMINATION IN VIOLATION OF PUBLIC POLICY** |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 1

COMPLAINT

1  Plaintiff, Mike Ross, alleges the following:

2  **THE PARTIES**

3      1.     Plaintiff Mike Ross ("ROSS" or "Plaintiff") is an individual residing in Mission

4  Viejo, California.

5      2.     Defendant Henkels & Mccoy, Inc. is, on information and belief, a corporation

6  organized under the laws of the state of Pennsylvania doing business throughout the state of

7  California.

8      3.     Defendant Henkels & Mccoy Group, Inc. is, on information and belief, a

9  corporation organized under the laws of the state of Pennsylvania doing business throughout the

10 state of California.

11     4.     ROSS is unaware of the true names and capacities, whether corporate or individual,

12 or otherwise, of defendants named as DOES 1 though 5, inclusive. Pursuant to California Code of

13 Civil Procedure section 474, ROSS will seek leave of court to amend this complaint to state said

14 defendants' true names and capacities when the same have been ascertained. ROSS is informed

15 and believes and based on such information and belief alleges that said fictitiously-named

16 defendants are responsible in some manner for the injuries and damages to ROSS as further

17 alleged herein. Defendants Henkels & Mccoy, Inc., Henkels & Mccoy Group, Inc. and DOES 1

18 though 5, inclusive,  are collectively referred to herein as "DEFENDANTS."

19     5.     ROSS is informed and believes, and on that basis alleges, that each defendant is the

20 alter ego and joint employer, and is working in joint enterprise with, each and every other

21 defendant. ROSS is further informed and believes, and on that basis alleges, that at all times

22 relevant to this Complaint, each defendant was the agent or employee of each other defendant, and

23 in the doing the acts alleged herein, was acting within the course and scope of such agency or

24 employment, with the consent, provision, and authorization of each of the remaining defendants.

25 All actions of each defendant were ratified and approved by every other defendant.

26 **JURISDICTION AND VENUE**

27     6.     The amount of damages sought by ROSS exceeds the minimum jurisdictional

28 limits of this Court. Venue is proper as one or more DEFENDANTS reside in Los Angeles

Page 2

Law Offices of Corbett H. Williams

County, California and because ROSS's injuries occurred within this jurisdiction, and the actions that give rise to ROSS's complaint arose within this jurisdiction.

## FACTUAL BACKGROUND

7.      ROSS is a board certified and industry-wide recognized ergonomist and safety professional with many years of experience managing safety and ergonomics programs for major corporations. ROSS also has advanced degrees in biomechanics and exercise physiology and has nearly two decades of experience serving Southern California as a physical therapist.

8.      DEFENDANTS, who operate a nation-wide construction firm, hired ROSS in or about July 2016 to serve as Regional Safety Manager. ROSS was responsible for overseeing a team of safety professionals and for instituting and maintaining compliance with safety standards and regulations, including standards adopted by the State of California and the Occupational Safety & Health Administration ("OSHA").

9.      Throughout his employment, ROSS strove to maximize employee safety and to ensure compliance with applicable regulations, including, but not limited to, regulations requiring workplace injuries to be recorded and / or reported and that the employer provide a place of employment free from recognized hazards likely to cause death or serious physical harm.

10.     ROSS is informed and believes that DEFENDANTS enjoy a substantial competitive advantage by systematically failing to record and/or report workplace injuries required by applicable regulations to be recorded and/or reported.

11.     In or about February 2013, ROSS' supervisor, Michael Gerratano, gave ROSS a direct order to never to refer an employee complaining of a work-place injury to a facility where medical treatment may be provided. Gerratano's order was given to ensure that the number of workplace injuries suffered by DEFENDANTS' employees would not be accurately recorded or reported.

12.     Specifically, Gerrantano's order was given to evade reporting and recording requirements imposed by federal regulations, including, but not limited to, 29 C.F.R. Sections 1904.7 and 1904.39. These provisions require that workplace injuries that involve, among other things, hospitalization, significant injury or illness diagnosed by a physician or other licensed

Page 3

COMPLAINT

1 healthcare professional, days away from work, work restrictions or transfer, or treatment beyond

2 first aid, be reported to appropriate government regulating authorities and/or recorded in a log

3 maintained by the employer.

4      13.    By ordering ROSS to never refer an injured employee for medical treatment,

5 Gerrantano sought to ensure that significant numbers of workplace injuries that would otherwise

6 be reported and/or recorded would not be reported and/or recorded, either because injured

7 employees did not receive medical care or because DEFENDANTS would remain willfully

8 ignorant of the fact and/or the extent of care when employees sought medical treatment

9 independently.

10      14.    ROSS had reasonable cause to believe that Gerrantano's order constituted a policy

11 in violation of numerous regulations, including, but not limited to 29 C.F.R. Sections 1904.7 and

12 1904.39, and the "general duty clause" codified in 29 U.S.C. Section 654.

13      15.    Promptly thereafter, ROSS reported the fact of Gerrantano's order to Andrew

14 Salvador, DEFENDANTS' Vice President of Health, Safety and Environmental. Mr. Salvador had

15 authority over ROSS. Further, ROSS is informed and believes, and on that basis alleges, that Mr.

16 Salvador has authority within DEFENDANTS' business to investigate, discover or correct the

17 violation or noncompliance with laws or regulations concerning employee safety.

18      16.    On March 17, 2016, DEFENDANTS terminated ROSS' employment in whole or in

19 part because of ROSS' disclosure of Gerrantano's instruction that injured employees never be

20 referred to medical treatment. In anticipation of ROSS' allegations herein, and in order to

21 manufacture a defense to such claims, prior to announcing their termination decision,

22 DEFENDANTS placed ROSS on a "performance improvement plan." However, none of the

23 reasons given for the plan were truthful, and despite the purported purpose of such a plan for an

24 employee to "improve" his or her performance, DEFENDANTS had already made the decision to

25 terminate ROSS when the plan was instituted.

26      17.    ROSS has and continues to suffer substantial financial and emotional injuries

27 arising directly from DEFENDANTS' retaliatory and unlawful termination of his employment.

28

Page 4

*Law Offices of Corbett H. Williams*

**FIRST CAUSE OF ACTION**

**(WHISTLEBLOWER RETALIATION)**

**(By ROSS Against DEFENDANTS)**

18.     ROSS hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

19.     ROSS reasonably believed that Gerantano's direction that no employee who had suffered a workplace injury be referred for medical treatment constituted a policy in violation of numerous laws and regulations governing workplace safety and health.

20.     ROSS disclosed the fact of Gerantano's order to a person with authority over him and who has the authority to investigate, discover, or correct the violation or noncompliance with laws and regulations governing workplace safety and health.

21.     By terminating ROSS' employment under circumstances as alleged herein, DEFENDANTS retaliated against ROSS in violation of California Labor Code Section 1102.5(b).

22.     As a direct and proximate result of DEFENDANTS' actions, ROSS has and continues to suffer substantial financial and emotional injuries.

23.     The above-described acts of DEFENDANTS, were willful, intentional, and malicious and done with the intent to vex, injure and annoy ROSS, and thus warrant the imposition of exemplary and punitive damages in an amount sufficient to punish DEFENDANTS and to deter others from engaging in similar despicable conduct.

24.     In addition to compensation for lost wages and emotional injuries, ROSS seeks attorney fees as provided by law, including under California Code of Civil Procedure Section 1021.5.

**SECOND CAUSE OF ACTION**

**(TERMINATION IN VIOLATION OF PUBLIC POLICY)**

**(By ROSS Against DEFENDANTS)**

25.     ROSS hereby re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

Page 5

COMPLAINT

26.     Under California law, no employee, whether an at-will employee, or an employee under a written or other employment contract, can be terminated for a reason that is in violation of a fundamental public policy. California courts have interpreted a fundamental public policy to be any articulable constitutional, or statutory provision, or regulation that is concerned with a matter effecting society at large rather than a purely personal or proprietary interest of the employee or the employer.

27.     DEFENDANTS retaliated against ROSS' for disclosing to a superior information he reasonably believed constituted a violation of laws and regulations designed to ensure the safety and health of DEFENDANTS' employees.

28.     By terminating ROSS' employment under circumstances as alleged herein, DEFENDANTS retaliated against ROSS in violation of California Labor Code Section 1102.5(b) and in violation of one or more fundamental public policies of the State of California.

29.     As a direct and proximate result of DEFENDANTS' actions, ROSS has and continues to suffer substantial financial and emotional injuries.

30.     The above-described acts of DEFENDANTS, were willful, intentional, and malicious and done with the intent to vex, injure and annoy ROSS, and thus warrant the imposition of exemplary and punitive damages in an amount sufficient to punish DEFENDANTS and to deter others from engaging in similar despicable conduct.

31.     In addition to compensation for lost wages and emotional injuries, ROSS seeks attorney fees as provided by law, including under California Code of Civil Procedure Section 1021.5.

## PRAYER FOR RELIEF

WHEREFORE, ROSS prays for judgment against DEFENDANTS as follows:

1.     For general damages in an amount according to proof, but in excess of the minimum jurisdiction of this court;

2.     For special damages in an amount according to proof, but in excess of the minimum jurisdiction of this court, to compensate the Plaintiff for Plaintiff's loss of past and future earnings;

Page 6

COMPLAINT

Law Offices of Corbett H. Williams

3. For all costs and disbursements incurred in this suit;

4. For all interest as allowed by law;

5. Where available and proper, for attorney's fees and costs incurred pursuing this Complaint against DEFENDANTS;

6. For all emotional distress damages;

7. For exemplary and punitive damages; and

8. All other relief the Court deems proper and appropriate.

Dated:   March 9, 2018                          **Law Offices of Corbett H. Williams**

By: _____
Corbett H. Williams
Attorney for Plaintiff Mike Ross

Page 7

COMPLAINT

# EXHIBIT B



# CSC

## Notice of Service of Process

**null / ALL**
**Transmittal Number: 17940112**
**Date Processed: 03/23/2018**

| Primary Contact: | Dorothy J Clark<br>Henkels & McCoy<br>985 Jolly Road<br>Blue Bell, PA 19422 |
|---|---|

| | |
|---|---|
| **Entity:** | Henkels & Mccoy Group, Inc.<br>Entity ID Number  3554248 |
| **Entity Served:** | Henkels & McCoy, Inc. |
| **Title of Action:** | Mike Ross vs. Henkels & McCoy, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Wrongful Termination |
| **Court/Agency:** | Los Angeles County Superior Court, California |
| **Case/Reference No:** | BC697557 |
| **Jurisdiction Served:** | Pennsylvania |
| **Date Served on CSC:** | 03/23/2018 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Corbett H. Williams<br>949-679-9909 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com