TALIA L. DELANOY (239973)
  Talia.Delanoy@LeClairRyan.com
LECLAIRRYAN, LLP
400 Capitol Mall, Suite 1500
Sacramento, CA 95814
Telephone: (916) 246-1140
Facsimile: (916) 246-1155

Attorneys for Defendants
HENKELS & MCCOY, INC., a Pennsylvania
Corporation and HENKELS & MCCOY GROUP,
INC., a Pennsylvania Corporation

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE ROSS, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>HENKELS & MCCOY, INC., a corporation; HENKELS & MCCOY GROUP, INC., and DOES 1 through 5, inclusive,<br><br>Defendants. | **Case No.: 2:18-cv-03375**<br><br>**DEFENDANTS' ANSWER TO COMPLAINT** |

Defendant HENKELS & MCCOY, INC. a corporation and HENKELS & MCCOY GROUP, INC. ("Defendants" or "H&M"), for its selves and for no other defendant, hereby answers the allegations of the Complaint of Plaintiff MIKE ROSS, an individual, as follows:

## PARTIES AND JURISDICTION

1. In response to paragraph 1 of the Complaint, Defendants lack sufficient information or belief to admit or deny.

2. In response to paragraph 2 of the Complaint, Defendants admit that Henkels & McCoy Inc. is a corporation formed under the laws of the Commonwealth of Pennsylvania, which does business in the State of California.

3. In response to paragraph 3 of the Complaint, Defendants admit that Henkels &

Coy Group, Inc. is a corporation formed under the laws of the Commonwealth of Pennsylvania. Defendant Henkels & McCoy Group, Inc. denies that it does business in the State of California.

4.  In response to paragraph 4 of the Complaint, the allegations call for a legal conclusion to which no response is required. No response to Plaintiff's descriptions, characterizations or interpretations is required. To the extent a response is required, Defendants lack sufficient information or belief to admit or deny the allegations and, on that basis, deny the allegations.

5.  In response to paragraph 5 of the Complaint, the allegations call for a legal conclusion to which no response is required. No response to Plaintiff's descriptions, characterizations or interpretations is required. To the extent a response is required, Defendants lack sufficient information or belief to admit or deny the allegations and, on that basis, deny the allegations.

**JURISDICTION AND VENUE**

6.  In response to paragraph 6 of the Complaint, the allegations call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that one or more Defendants "reside" in Los Angeles County, deny that jurisdiction and venue are appropriate in Los Angeles Superior Court, and further deny that Defendants violated any laws or statutes that would give rise to jurisdiction and venue.

**FACTUAL BACKGROUND**

7.  In response to paragraph 7 of the Complaint, Defendants lack sufficient information or belief to admit or deny the allegations and, on that basis, deny the allegations.

8.  In response to paragraph 8 of the Complaint, Defendants admit that Mike Ross was hired in or about July 2016 to serve as Regional Safety Manager. As to the remainder of the allegations in paragraph 8, the stated job duties are some of those expected of Defendants' Regional Safety Manager.

9.  In response to paragraph 9 of the Complaint, no response to Plaintiff's descriptions, characterizations or interpretations is required. To the extent a response is required, Defendants deny the allegations.

1  10. In response to paragraph 10 of the Complaint, Defendants deny the allegations.

2  11. In response to paragraph 11 of the Complaint, Defendants deny the allegations.

3  12. In response to paragraph 12 of the Complaint, the allegations call for a legal conclusion to which no response is required. As to the remaining allegations, Defendants deny the allegations.

6  13. In response to paragraph 13 of the Complaint, no response to Plaintiff's descriptions, characterizations or interpretations is required. To the extent a response is required, Defendants deny the allegations.

9  14. In response to paragraph 14 of the Complaint, no response to Plaintiff's descriptions, characterizations or interpretations is required. To the extent a response is required, Defendants deny the allegations.

12  15. In response to paragraph 15 of the Complaint, Defendants admit that Andrew Salvadore had authority within Defendants' business to investigate safety concerns. No response to Plaintiff's descriptions, characterizations or interpretations is required. To the extent a response is required, Defendants deny the allegations.

16  16. In response to paragraph 16 of the Complaint, Defendants deny terminating Plaintiff on March 17, 2016 and admit that Defendants terminated Plaintiff on March 17, 2017. Defendants deny the remaining allegations.

19  17. In response to paragraph 17 of the Complaint, no response to Plaintiff's descriptions, characterizations or interpretations is required. To the extent a response is required, Defendants deny the allegations.

**FIRST CAUSE OF ACTION**

**(WHISTLEBLOWER RETALIATION)**

**(By ROSS Against DEFENDANTS)**

18. In response to the allegations set forth in the Complaint, Defendant incorporates each and every admission, denial, allegation and other response contained in paragraphs 1 through 17 above as if set forth in full herein.

19. In response to paragraph 19 of the Complaint, no response to Plaintiff's

descriptions, characterizations or interpretations is required. Further, the allegations call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

20. In response to paragraph 20 of the Complaint, no response to Plaintiff's descriptions, characterizations or interpretations is required. Further, the allegations call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

21. In response to paragraph 21 of the Complaint, the allegations call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

22. In response to paragraph 22 of the Complaint, no response to Plaintiff's descriptions, characterizations or interpretations is required. Further, the allegations call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

23. In response to paragraph 23 of the Complaint, no response to Plaintiff's descriptions, characterizations or interpretations is required. Further, the allegations call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

24. In response to paragraph 24 of the Complaint, Defendants no response to Plaintiff's descriptions, characterizations or interpretations is required. Further, the allegations call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

## SECOND CAUSE OF ACTION

### (TERMINATION IN VIOLATION OF PUBLIC POLICY)

### (By ROSS Against DEFENDANTS)

25. In response to the allegations set forth in the Complaint, Defendant incorporates each and every admission, denial, allegation and other response contained in paragraphs 1 through 24 above as if set forth in full herein.

26. In response to paragraph 26 of the Complaint, no response to Plaintiff's descriptions, characterizations or interpretations is required. Further, the allegations call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

27. In response to paragraph 27 of the Complaint, no response to Plaintiff's descriptions, characterizations or interpretations is required. Further, the allegations call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

28. In response to paragraph 28 of the Complaint, no response to Plaintiff's descriptions, characterizations or interpretations is required. Further, the allegations call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

29. In response to paragraph 29 of the Complaint, no response to Plaintiff's descriptions, characterizations or interpretations is required. Further, the allegations call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

30. In response to paragraph 30 of the Complaint, no response to Plaintiff's descriptions, characterizations or interpretations is required. Further, the allegations call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

31. In response to paragraph 31 of the Complaint, no response to Plaintiff's descriptions, characterizations or interpretations is required. Further, the allegations call for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations.

///

///

///

///

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. The Complaint, including each purported cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted against Defendants.

### Second Affirmative Defense

2. Defendants acted reasonably, permissibly and in good faith, at all material times based on relevant facts and circumstances known to it at the time, or in conformity with and in reliance upon regulations, orders, practices, policies or procedures.

### Third Affirmative Defense

3. The Complaint, including each purported cause of action therein, is barred, in whole or part, by the doctrines of estoppel, laches, waiver, unclean hands, and after-acquired evidence of on-the-job and employment-related wrongful conduct.

### Fourth Affirmative Defense

4. The Complaint, including each purported cause of action therein, is barred, in whole or part, by workers' compensation preemption and the workers' compensation exclusivity provisions, as set forth in California Labor Code Sections 3600(a), *et seq*. and under the Workers' Compensation Act.

### Fifth Affirmative Defense

5. Plaintiff lacks standing to bring the Complaint and each purported cause of action therein.

### Sixth Affirmative Defense

6. Plaintiff has failed to mitigate his damages.

### Seventh Affirmative Defense

7. The Complaint, including each purported cause of action contained therein, is barred because Plaintiff consented to, or ratified and affirmed, the alleged conduct of Defendants.

### Eighth Affirmative Defense

8. The Complaint, including each purported cause of action therein, is barred under

the principles of res judicata and collateral estoppel.

### Ninth Affirmative Defense

9. The Complaint, including each purported cause of action contained therein, is barred, in whole or in part, by Plaintiff's release, acquiescence, accord and satisfaction.

### Tenth Affirmative Defense

10. Plaintiff has failed to satisfy the statutory prerequisites to sue or has failed to exhaust his administrative, contractual and/or statutory remedies and/or otherwise comply with the provisions of the Fair Employment and Housing Act, Sections 12900, *et seq.*, of the California Government Code.

### Eleventh Affirmative Defense

11. Any recovery on Plaintiff's Complaint, or any purported cause of action therein, is barred because the disputed conduct of the Defendants was privileged and/or justified. Any and all conduct of which Plaintiff complains and which is attributed to Defendant – although liability is denied – was a proper exercise of management's discretion on the part of Defendants and was undertaken for a fair and reasonable business necessity and bona fide occupational qualification.

### Twelfth Affirmative Defense

12. The Complaint, to the extent that it seeks punitive damages, violates Defendants' right to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and Article 1, Section 17 of the California Constitution, and violates Defendants' right to substantive due process or due course as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the California Constitution. To the extent that Plaintiff's Complaint seeks punitive damages authorized under California law, no punitive damages may constitutionally be awarded because any statute allowing such an award is unconstitutional under the Due Process Clause of the Fourteenth Amendment and the California Constitution, because no law of California establishes the maximum punitive damage award which may be imposed in this case. Further, Plaintiff's Complaint does not state a claim for punitive damages pursuant to Civil Code Section 3294. Therefore, Plaintiff cannot recover punitive damages in this action.

**Thirteenth Affirmative Defense**

13. The Complaint, to the extent that it seeks punitive damages, violates Defendants' right to procedural due process or due course under the Fourteenth Amendment to the United States Constitution and Article 1, Section 7 of the California Constitution. Therefore, Plaintiff cannot recover punitive damages in this action.

**Fourteenth Affirmative Defense**

14. The Complaint, including each alleged cause of action, is barred by the applicable statute of limitations, including, but not limited to, the provisions in part II, Title 2, Chapter 3, of the California Code of Civil Procedure, beginning with Section 335 and continuing through Section 349.4, the California Government Code §§ 12960 and 12965, and the Labor Code.

**Fifteenth Affirmative Defense**

15. Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by the Doctrine of Managerial Privilege.

**Sixteenth Affirmative Defense**

16. Plaintiff's alleged damages are barred or limited, in whole or in part, in that they were not caused by any alleged misrepresentation or omission or deception by Defendants, and Plaintiff's alleged damages were caused by other factors besides Defendants' alleged misrepresentation or omission or deception.

**Seventeenth Affirmative Defense**

17. The alleged claims, damages and purported causes of action in Plaintiff's Complaint are satisfied by offset and by the provisions of California Code of Civil Procedure §431.70.

**Eighteenth Affirmative Defense**

18. Plaintiff's claims are barred because Plaintiff has failed to reasonably make use of Defendants' anti-harassment, anti-discrimination and anti-retaliation policies and procedures, as well as the grievance options, mediation options, arbitration options, and other policies and procedures.

**Nineteenth Affirmative Defense**

19. The Complaint and each purported cause of action contained therein were not the result of any negligence or intentional misconduct on the part of Defendants, but are instead barred by Plaintiff's or third parties' own acts, omissions, negligence or misconduct.

**Twentieth Affirmative Defense**

20. Plaintiff's employment was terminable at the will of either Plaintiff or Defendants, at any time, with or without cause or prior notice under Section 2922 of the California Labor Code.

**Twenty-First Affirmative Defense**

21. There is no causal connection or nexus between Plaintiff's alleged termination and any alleged harassing, discriminatory or retaliatory activity.

**Twenty-Second Affirmative Defense**

22. Pursuant to the doctrine of avoidable consequences, Plaintiff failed to complain and/or failed to complain promptly about any alleged harassment, retaliation or discrimination.

**Twenty-Third Affirmative Defense**

23. Defendants exercised reasonable care to prevent and promptly correct any harassing, retaliatory or discriminatory behavior in the workplace.

**Twenty-Fourth Affirmative Defense**

24. If Plaintiff suffered or sustained any loss, damages or injury at or about the times and places alleged, although such is not admitted hereby or herein, the same or the direct and proximate result of the risk, if any there was, was knowingly assumed by Plaintiff.

**Twenty-Fifth Affirmative Defense**

25. Defendants took immediate and appropriate efforts to quickly and thoroughly investigate and remedy Plaintiff's complaints, if any.

**Twenty-Sixth Affirmative Defense**

26. Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunity provided by Defendants or to avoid harm otherwise.

**Twenty-Seventh Affirmative Defense**

27. Defendants did not engage in any harassment, discrimination or retaliation against Plaintiff, and the environment in which Plaintiff worked was not hostile or offensive as an objective matter and was not considered hostile or offensive by Plaintiff as a subjective matter.

**Twenty-Eighth Affirmative Defense**

28. Any conduct of Defendants was not a substantial factor in bringing about the loss and damage complained of by Plaintiff, and, therefore, Defendants may not be held liable to Plaintiff as alleged.

**Twenty-Ninth Affirmative Defense**

29. Any losses, injuries or damages to Plaintiff were proximately caused or contributed to by the criminal, negligent or other tortious acts, omissions, conduct or products of persons, entities or parties other than these answering Defendants, and that each, any, and all damages recoverable by Plaintiff must be diminished in proportion to the amount of fault attributable to said other persons, entities or parties, and there must be apportioned among all such persons, entities and parties the amount of damages attributed to them as an offset against damages, if any, awarded against Defendants.

**Thirtieth Affirmative Defense**

30. Any loss, injury, or damage, if any, incurred by Plaintiff was the result of superseding or intervening causes arising from the criminal, negligent or willful acts or omissions of other parties including independent contractors which these answering Defendants neither controlled nor had the right to control, and that said loss, injury or damage was not proximately or legally caused by any act, omission, or other conduct of Defendants.

**Thirty-First Affirmative Defense**

31. Defendants are informed and believe, and upon such information and belief therein allege, that if they are held liable to Plaintiff, which liability is expressly denied, these answering Defendants shall be liable to Plaintiff only for the amount of non-economic damages allocated to these answering Defendants in direct proportion to their percentage of fault, if any, under California Civil Code § 1431, et seq.

**Thirty-Second Affirmative Defense**

32. The Complaint, including each purported cause of action contained therein, is barred, in whole or in part, because Defendants did not engage in the alleged discrimination, harassment or retaliation set forth in the Complaint, but even assuming for the sake of argument that they did, Defendants would have taken the same employment actions in any event for legitimate, non-discriminatory, non-pretextual reasons.

**Thirty-Third Affirmative Defense**

33. Plaintiff was terminated for good cause.

**Thirty-Fourth Affirmative Defense**

40. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own breach of duties owed to Defendants.

**Thirty-Fifth Affirmative Defense**

44. At no time prior to the filing of this action did Plaintiff, or any agent, representative or employee thereof notify Defendants of any breach of contract, warranty or duty to Plaintiff. By reason of said failure to notify, Plaintiff is barred from any right of recovery from Defendants.

**Thirty-Sixth Affirmative Defense**

45. Plaintiff has not been damaged in any sum alleged and is not entitled to any general, compensatory or other damages, as alleged, sought or referred to, or any other relief at all.

**Thirty-Seventh Affirmative Defense**

46. Plaintiff fails to state facts to support a claim for attorneys' fees.

**Thirty-Eighth Affirmative Defense**

47. Defendants allege that they presently have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available and, therefore, Defendants reserve the right to assert additional defenses in the event discovery indicates that they would be appropriate.

WHEREFORE, answering Defendants requests that this Court:

1. Dismiss the Complaint with prejudice;

2. Award answering Defendants their costs of suit herein, including reasonable attorneys' fees, including, but not limited to, those available pursuant to California Labor Code § 218.5; and,

3. Such other and further relief as may be appropriate.

DATED: April 26, 2018                LeClairRyan, LLP

                                     By:  */s/ Talia L. Delanoy*
                                     TALIA L. DELANOY
                                     Attorneys for Defendants HENKELS & MCCOY, INC., a Pennsylvania Corporation and HENKELS & MCCOY GROUP, INC., a Pennsylvania Corporation

12
DEFENDANTS' ANSWER TO COMPLAINT

904358862.1

*Mike Ross v. Henkels & McCoy, Inc., et al.*
U.S.D.C. Central District of California,
Case No. 2-18-cv-03375

## PROOF OF SERVICE

I declare that:

I am a citizen of the United States, employed in the County of Sacramento, California, over the age of eighteen years, and not a party to the within cause. My business address is 400 Capitol Mall, Suite 1500, Sacramento, California 95814. On this date, I served the within:

1. DEFENDANTS ANSWER TO COMPLAINT

on the parties in said cause, by placing a true and correct copy thereof addressed as follows:

<u>*Attorney for Plaintiff*</u>

Corbett H. Williams
Law Offices of Corbett H. Williams
24422 Avenida de la Carlota, Suite 370
Laguna Hills, CA 92653
Tel: 949.679.9909
Fax: 949.535.1031

__X__ **By Electronic notification:** means the notification of the party or other person that a document is served by sending an electronic message to the electronic address at or through which the party or other person has authorized electronic service, specifying the exact name of the document served, and providing a hyperlink at which the served document may be viewed and downloaded.

I certify and declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on April 26, 2018, at Sacramento, California.

*/s/ Suzette Miranda*
Suzette Miranda