| | | | |
|---|---|---|---|
| Case No. | CV 18-3375 FMO (SKx) | Date | May 8, 2018 |
| Title | Mike Ross v. Henkels and McCoy, Inc., et al. | | |

| | | |
|---|---|---|
| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
| Vanessa Figueroa | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiff(s): | | Attorney Present for Defendant(s): |
| None Present | | None Present |

**Proceedings:**   (In Chambers) Order Remanding Action

On March 9, 2018, Mike Ross ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Henkels &McCoy, Inc. and Henkels & McCoy Group, Inc. ("defendants"). (See Dkt. 1-1, Notice of Removal ("NOR") at 1-3; Dkt. 1-3, Exhibit A, "Complaint"). Plaintiff asserted claims for whistleblower retaliation and termination in violation of public policy. (See Dkt. 1-3, Complaint at ¶¶ 18-31). On April 23, 2018, defendants removed that action on diversity jurisdiction grounds pursuant to 28 U.S.C. § 1332. (See Dkt. 1-1, NOR at 2). However, the jurisdictional allegations are defective for the reason opposite the box(es) checked:

[ ]   Removal is on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331, but it appears that the claims may not "arise under" federal law.

[ ]   Removal is on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331 on grounds of the artful pleading doctrine, but the claims do not appear to be completely preempted.

[ ]   Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but all plaintiffs are not diverse from all defendants. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553, 125 S.Ct. 2611, 2617 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction[.]").

[ ]   Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, but the pleadings set forth the residence, rather than the citizenship, of some of the parties. Diversity is based on citizenship.

[ ]   Jurisdiction is asserted on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, but the pleadings fail to allege the citizenship of some or all of the:
     [ ]   plaintiff(s).

| | |
|---|---|
| Case No. | **CV 18-3375 FMO (SKx)** |
| Title | **Mike Ross v. Henkels and McCoy, Inc., et al.** |

| | |
|---|---|
| Date | **May 8, 2018** |

[ ]    defendant(s).

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. A partnership, limited liability company, or other unincorporated association is joined as a party. The court must consider the citizenship of each of the partners, including limited partners, or members. The citizenship of each of the entity's partners or members must therefore be alleged. See Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."); Carden v. Arkoma Assocs., 494 U.S. 185, 195, 110 S.Ct. 1015, 1021 (1990) (diversity jurisdiction depends on the citizenship of all members of an artificial entity); Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n unincorporated association such as a partnership has the citizenships of all of its members.").

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Some of the parties are corporations. The notice of removal is deficient because:
    [ ]    the notice of removal does not state both the respective state(s) of incorporation and principal place of business. 28 U.S.C. § 1332(c).
    [ ]    the jurisdiction averment by the defendants is patently insufficient under 28 U.S.C. § 1332(c).
Defendant(s) fail(s) to offer adequate facts to support the assertion that the principal place of business stated in the complaint is the corporate party's principal place of business. For diversity purposes, the principal place of business is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 130 S.Ct. 1181, 1192 (2010); see also Harris v. Rand, 682 F.3d 846, 851 (9th Cir. 2012) (if allegations of a corporation's principal place of business are implausible or the court has doubts about whether diversity exists, it may request additional allegations of the principal place of business).

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. One or more of the parties is named in a representative capacity, and the citizenship of the represented person is not alleged or appears to be not diverse. 28 U.S.C. § 1332(c)(2).

[ ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, but defendants fail to allege the existence of diversity both at the time the action was commenced and at the time of removal. See Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131-32 (9th Cir. 2002) ("[Diversity] is determined (and must exist) as of the time the complaint is filed and removal is effected.").

[ **X** ] Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-3375 FMO (SKx) | Date | **May 8, 2018** |
|---|---|---|---|
| Title | Mike Ross v. Henkels and McCoy, Inc., et al. | | |

    the amount in controversy does not appear to exceed $75,000. Because the amount of damages that plaintiff seeks is unclear from the complaint, or appears to be $75,000 or less, defendants bear the burden of proving by a preponderance of the evidence that the amount in controversy meets that jurisdictional threshold. Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004). Defendants must show that it is more likely than not that the amount in controversy exceeds $75,000. Id. An allegation based on "information and belief" does not meet the preponderance of the evidence standard. Id.; see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090-91 (9th Cir. 2003) ("Conclusory allegations as to the amount in controversy are insufficient."). Accordingly, defendants have failed to meet their burden here. Defendants state in a conclusory manner that plaintiff's request for lost wages "amount[s] to more than $75,000, according to Plaintiff's alleged credentials." (See Dkt. 1-1, NOR at 3). However, defendants – despite presumably having access to this information as plaintiff's alleged former employers – fail to even provide plaintiff's former income or any other information that would allow the court to evaluate their assertion.

[ ]   Removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) and the action involves multiple plaintiffs and/or is a class action. But the pleadings do not state that at least one of the named plaintiffs has a claim exceeding $75,000. Where the action does not implicate a common fund or a joint interest, at least one of the named plaintiffs must meet the amount in controversy requirement. See Exxon, 545 U.S. at 559, 125 S.Ct. at 2621 (a district court that has jurisdiction over a single claim in a complaint has jurisdiction over the entire action). Where injunctive relief is sought in a multiple plaintiff action, the Ninth Circuit has held that "the amount in controversy requirement cannot be satisfied by showing that the fixed administrative costs of compliance exceed $75,000." In re Ford Motor Co./Citibank (S.D.), N.A. Cardholder Rebate Program Litig., 264 F.3d 952, 961 (9th Cir. 2001), cert. granted, 534 U.S. 1126 (2002), cert. dismissed, 537 U.S. 1 (2002).

[ ]   Removal is on the basis of diversity jurisdiction in a class action pursuant to 28 U.S.C. § 1332(d). The complaint is deficient because:
    [ ]   the total claims of individual class members do not appear to exceed $5,000,000 in the aggregate. 28 U.S.C. § 1332(d)(2).
    [ ]   the pleadings fail to allege that: any member of a plaintiff class is a citizen of a state different from any defendant; any member of a plaintiff class is a citizen or subject of a foreign state and any defendant is a citizen of a state; or any member of a plaintiff class is a citizen of a state and any defendant is a citizen or subject of a foreign state. 28 U.S.C. § 1332(d)(2).
    [ ]   it appears that: two-thirds or more of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the action was originally filed; the plaintiff class seeks significant relief from a defendant who

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 18-3375 FMO (SKx)** | Date | **May 8, 2018** |
|---|---|---|---|
| Title | **Mike Ross v. Henkels and McCoy, Inc., et al.** | | |

        is a citizen of that state and whose alleged conduct forms a significant basis for the claims; principal injuries were incurred in that state; and no related class action has been filed within the preceding three years. 28 U.S.C. § 1332(d)(4)(A).

    [ ]  it appears that two-thirds or more of the members of all proposed plaintiff classes in the aggregate and all of the primary defendants are citizens of the state in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(B).

    [ ]  it appears that the primary defendants are states, state officials, or other governmental entities. 28 U.S.C. § 1332(d)(5)(A).

    [ ]  it appears that the total number of members of all proposed plaintiff classes is less than 100. 28 U.S.C. § 1332(d)(5)(B).

    [ ]  the action appears to involve solely securities claims or claims relating to corporate governance as described in 28 U.S.C. § 1332(d)(9).

[ ]  Removal is on the basis of diversity jurisdiction in a class action pursuant to 28 U.S.C. § 1332(d). The court may decline to exercise its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) because it appears that greater than one-third but less than two-thirds of the members of all plaintiff classes in the aggregate and the primary defendants are citizens of California and one or more of the following applies:

    [ ]  the claims asserted do not involve matters of national or interstate interest. 28 U.S.C. § 1332(d)(3)(A).

    [ ]  the claims asserted will be governed by California law. 28 U.S.C. § 1332(d)(3)(B).

    [ ]  the class action has not been pleaded in a manner that seeks to avoid federal jurisdiction. 28 U.S.C. § 1332(d)(3)(C).

    [ ]  the forum in which the action was brought has a distinct nexus with the class members, the alleged harm, or the defendants. 28 U.S.C. § 1332(d)(3)(D).

    [ ]  the number of California citizens among all plaintiff classes in the aggregate is substantially larger than the number of citizens of any other state, and the citizenship of the other members is dispersed among a substantial number of states. 28 U.S.C. § 1332(d)(3)(E).

    [ ]  no related class action has been filed during the preceding three years. 28 U.S.C. § 1332(d)(3)(F).

[ ]  The court notes the following potential procedural defect(s):

    [ ]  not all served defendants have joined in the notice of removal. See 28 U.S.C. § 1441(a); Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 680 (9th Cir. 2006) ("[A]ll defendants must agree to removal[.]").

    [ ]  the removing defendant(s) did not attach to the notice of removal a copy of all process, pleadings, and orders served on the defendant(s). 28 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-3375 FMO (SKx) | Date | May 8, 2018 |
|---|---|---|---|
| Title | Mike Ross v. Henkels and McCoy, Inc., et al. | | |

1446(a).
- [ ] the notice of removal was filed more than thirty days after the date of service of the initial pleading or the date on which defendant first had notice of removability. 28 U.S.C. § 1446(b).
- [ ] removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, the case was not initially removable, and the notice of removal was filed more than one year after commencement of the action. 28 U.S.C. § 1446(c); see Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1316 (9th Cir.), cert. denied, 525 U.S. 963 (1998) (the one-year exception applies to cases that only become removable after the initial commencement of the action).
- [ ] removal is on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), but some defendants are California citizens. 28 U.S.C. § 1441(b).

[ ] Other:

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992), the court is not persuaded, under the circumstances here, that defendant has met its burden. Therefore, there is no basis for diversity jurisdiction

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED that:

1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2. The Clerk shall send a certified copy of this Order to the state court.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | vdr | | |